## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| RADIO TRAKS, LLC, | CASE NO.: 2-12-cv-00910-JLG-NMK |
| Plaintiff/Counterclaim-Defendant, | |
| v. | JUDGE JAMES L. GRAHAM |
| LISTENER DRIVEN RADIO, LLC, | MAGISTRATE JUDGE NORAH MCCANN KING |
| Defendant/Counterclaim-Plaintiff, | |
| v. | **CONSENT DECREE** |
| NORTH AMERICAN BROADCASTING CO., INC., | |
| Counterclaim-Defendant, | |
| and | |
| BAD DOG DEVELOPMENT, LLC, | |
| Counterclaim-Defendant. | |

### CONSENT DECREE AND STIPULATION OF DISMISSAL

Plaintiff, Radio Traks, LLC ("Radio Traks" or "Plaintiff"), filed the above-referenced action against Listener Driven Radio, LLC ("LDR" or "Defendant") in an effort to resolve the Parties' dispute concerning the MAJORITY RULES trademark. Defendant filed counterclaims against Plaintiff and Counterclaim-Defendants North American Broadcasting Co., Inc. ("NABCo") and Bad Dog Development, LLC ("Bad Dog," together with NABCo, "Counterclaim-Defendants") as well as against Envision Radio Networks, Inc. ("Envision," which has been separately dismissed from the above-captioned case).

Plaintiff's Complaint sought a declaratory judgment that Plaintiff's and its licensees' use of the MAJORITY RULES trademark did not infringe Defendant's rights, and alleged that Defendant had no rights in the MAJORITY RULES mark due to non-use of it. Defendant's counterclaims alleged that Plaintiff and Counterclaim-Defendants had infringed its alleged rights in the MAJORITY RULES trademark and other trademarks.

Radio Traks and LDR have agreed to settle their claims and counterclaims as set forth in the Settlement Agreement between them. As a result of the settlement of the above-referenced action pursuant to the Settlement Agreement, and upon consent and stipulation of Plaintiff Radio Traks, Defendant LDR, and Counterclaim-Defendants NABCo and Bad Dog, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The United States District Court for the Southern District of Ohio has and shall have jurisdiction over the subject matter of the present action, including enforcement of the Settlement Agreement and this Consent Decree, and personal jurisdiction over each Party to this Consent Decree.

2. This Consent Decree and the Settlement Agreement of which it is a part resolve all claims of Plaintiff against Defendant that were or could have been asserted in the Complaint in regard to the circumstances giving rise to the Lawsuit and all counterclaims of Defendant against Plaintiff and Counterclaim-Defendants that were or could have been asserted in the above-referenced action, including without limitation all claims of damages, fees, costs, attorneys' fees, and/or claims in equity.

3. The terms and provisions of this Consent Decree are adequate, fair, reasonable, equitable, and just, and the rights of the Parties to this Consent Decree are adequately protected by them.

4. This Consent Decree conforms to the Federal Rules of Civil Procedure, the Lanham Act, 15 U.S.C. §§ 2201 and 2202, and the Ohio Deceptive Trade Practices Act, and is not in derogation of the rights or privileges of any person. The entry of this Consent Decree will further the objectives of the aforementioned Rules and Acts, and will be in the best interests of the Parties to this Consent Decree and the public.

5. Defendant and its officers, directors, employees, agents, affiliates, licensees, successors, and assignees recognize and acknowledge Plaintiff's rights in and to the MAJORITY RULES trademark and the goodwill associated therewith.

6. Except as specifically and expressly set forth in Paragraph 3 of the Settlement Agreement, Defendant and its officers, directors, employees, agents, affiliates, licensees, successors, and assignees are immediately and permanently enjoined from any and all use of the MAJORITY RULES trademark and any other trademark containing the phrase "MAJORITY RULES" in connection with Defendant's Goods and Services (as defined in the Settlement Agreement).

7. Except as specifically and expressly set forth in Paragraph 3 of the Settlement Agreement, Defendant and its officers, directors, employees, agents, affiliates, licensees, successors, and assignees shall not use or adopt in the future the MAJORITY RULES trademark or any other trademark containing the phrase "MAJORITY RULES" in connection with Defendant's Goods and Services (as defined in the Settlement Agreement).

8. The prohibition on use of the MAJORITY RULES trademark set forth in Paragraphs 6 and 7 hereof shall remain in effect unless and until Plaintiff, Counterclaim Defendants, and their officers, directors, employees, agents, affiliates, licensees,

successors, and assignees, expressly or otherwise abandon the MAJORITY RULES trademark in all US jurisdictions. "Otherwise abandons" refers to those acts, omissions, and commissions defined as abandonment in 15 USC Section 1127.

9. Plaintiff, Counterclaim Defendants, and their officers, directors, employees, agents, affiliates, licensees, successors, and assignees recognize and acknowledge that Defendant claims to have rights in and to the following trademarks in their entireties: LDR", "LDR-1", "LISTENER DRIVEN RADIO", "TAKEOVER", "CLICKTOPLAY", "TOPICPULSE", "BROADCASTING TO CROWDCASTING", "#WHATSHOULDPLAYNEXT", "ECHO", "U MIX IT", "U CALL IT", and "DASHBOARD" (collectively, "Defendant's Trademarks").

10. Plaintiff, Counterclaim Defendants, and their officers, directors, employees, agents, affiliates, licensees, successors, and assignees represent and acknowledge that they do not currently use any of Defendant's Trademarks in their entireties on or in connection with Plaintiff's Goods and Services (as defined in the Settlement Agreement).

11. Plaintiff, Counterclaim Defendants, and their officers, directors, employees, agents, affiliates, licensees, successors, and assignees shall not use or adopt in the future any of Defendant's Trademarks in its entirety, in connection with Plaintiff's Goods and Services (as defined in the Settlement Agreement).

12. The prohibition on use of each of Defendant's Trademarks in its entirety, as set forth in Paragraph 11 hereof, shall remain in effect unless and until Defendant expressly or otherwise abandons that particular Trademark in all US jurisdictions. "Otherwise

abandons" refers to those acts, omissions, and commissions defined as abandonment in 15 USC Section 1127.

13. Each Party to the Consent Decree shall bear its own costs and attorneys' fees incurred as a result of this action through the entry of this Consent Decree; however, if any Party violates this Consent Decree and is found in civil or criminal contempt hereof, the violating party shall, in addition to other remedies, reimburse the moving party for its reasonable attorney's fees, reasonable expenses, and court costs relating to such contempt proceedings.

14. Pursuant to the terms of this Consent Decree and the Settlement Agreement between Radio Traks and LDR, all Parties to this Consent Decree hereby dismiss with prejudice all claims and counterclaims in the above-captioned case pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

Respectfully submitted,

/s/ Debra J. Horn
Peter Turner (0028444)
Debra J. Horn (0037386)
Meyers, Roman, Friedberg & Lewis
28601 Chagrin Blvd., Suite 500
Cleveland, Ohio 44122
Telephone: 216.831.0042
Facsimile: 216.831.0542
pturner@meyersroman.com
dhorm@meyersroman.com

Attorneys for Defendant/Counter-Plaintiff, Listener Driven Radio, LLC

/s/ Jonathan Secrest (per consent)
Jonathan Secrest (0074554)
ROETZEL & ANDRESS, LPA
155 E. Broad Street, 12th Floor
Columbus, Ohio 43215
Telephone: (614) 723-2029
Facsimile: (614) 463-9792
jsecrest@ralaw.com

Suzanne K. Ketler (0074365)
ROETZEL & ANDRESS, LPA
222 South Main Street
Akron, Ohio 44308
Telephone: (330) 376-2700
Facsimile: (330) 376-4577
sketler@ralaw.com

Attorneys for Plaintiff/Counterclaim-Defendant, Radio Traks, LLC and Counterclaim-Defendant Bad Dog Development, LLC

/s/ Carrie A. Shufflebarger (per consent)
Carrie A. Shufflebarger, Esq. (0081141)
Thompson Hine LLP
312 Walnut Street
Fourteenth Floor
Cincinnati, Ohio 45202
513.352.6678
513. 241.4771 (facsimile)
carrie.shufflebarger@thompsonhine.com

Attorney for Counterclaim Defendant North American Broadcasting Company, Inc.

ENTERED AND ORDERED this 25 day of april, 2013

BY THE COURT:

*[signature]*

Honorable Judge James L. Graham
U.S. District Court Judge